Filed 7/6/16  P. v. Ryan CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065061 |
| v. | (Super.Ct.Nos. INF1500900, INF1501090 & INF1501244) |
| GARY GRANT RYAN, | |
| Defendant and Appellant. | O P I N I O N |

APPEAL from the Superior Court of Riverside County.  James S. Hawkins, Judge. Affirmed.

Gary Grant Ryan, in pro. per.; and Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In case No. INF1500900, defendant and appellant, Gary Grant Ryan, pled guilty to carjacking.  (Pen. Code § 215, subd. (a).)[1]  Defendant additionally admitted an allegation

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

he used a knife in the commission of the carjacking (§ 12022, subd. (b)(1)) and that he had suffered a prior strike conviction (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)). In case No. INF1501090, defendant pled guilty to grand theft (§ 487, subd. (a)) and also admitted he had suffered a prior strike conviction (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).

In case No. BAF1500683,[2] defendant pled guilty to assault. (§ 245, subd. (a)(4).) Defendant additionally admitted an allegation he inflicted great bodily injury in his commission of the assault and that he had suffered a prior strike conviction. (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1).) Pursuant to his plea agreement, the court sentenced defendant to an aggregate, determinate sentence of 13 years four months, incorporating sentence on all three cases.

After defendant filed two notices of appeal, and counsel for Appellate Defenders, Inc. filed an additional one, this court appointed counsel to represent defendant on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying five potentially arguable issues: (1) whether the court erred in denying defendant's *Marsden*[3] motion; (2) whether the court erred in granting defendant's request

---

[2] Defendant did not file an appeal from the judgment in case No. BAF1500683; thus, the record does not contain copies of defendant's plea agreement, the minute order from the plea, the minute order from the sentencing, or the abstract of judgment from that case.

[3] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

to represent himself; (3) whether any purported error regarding the court's grant of defendant's motion for self-representation may be reviewed on appeal; (4) whether the court should have treated defendant's complaints at sentencing as an oral motion to withdraw the plea; and (5) whether defendant's sentence is unauthorized because the court imposed a full year, rather than one-third of a year, on the great bodily injury enhancement.

Defendant was offered the opportunity to file a personal supplemental brief, which he has done. In his brief, defendant contends he was forced to sign the plea agreements and did not commit the carjacking. We affirm.

## I. PROCEDURAL HISTORY

On May 28, 2015, in case No. INF1500900, the People filed a felony complaint alleging defendant had committed a carjacking. (Pen. Code, § 215, subd. (a).) The People additionally alleged defendant had used a knife in the commission of the offense (Pen. Code, § 12022, subd. (b)(1)), had suffered a prior strike conviction (Pen. Code, §§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)), had suffered a prior prison term (Pen. Code, § 667.5, subd. (b)), and had suffered a prior serious felony conviction (Pen. Code, § 667, subd. (a)). On June 5, 2015, the court granted the defense request to appoint a medical examiner for defendant pursuant to Evidence Code section 1017.[4]

---

[4] The order provided that a confidential report would be furnished to defendant's counsel only. A copy of the report is not contained in the record.

On July 7, 2015, in case No. INF1501090, the People filed a felony complaint in which they alleged defendant had committed grand theft. (§ 487, subd. (a).) The People additionally alleged defendant had suffered a prior strike conviction (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)) and a prior prison term (§ 667.5, subd. (b)). On July 24, 2015, in case no. INF1501244, the People filed a felony complaint in which they alleged defendant had committed burglary. (§ 459.) The People additionally alleged defendant had suffered a prior strike conviction (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)) and two prior prison terms (§ 667.5, subd. (b)).

The People filed a motion to consolidate all three cases. Defense counsel filed opposition. The court granted the motion in part and denied it in part. The court consolidated case Nos. INF1500900 and INF1501244, designating case No. INF1500900 as the master file. The court ruled that case No. INF1501090 would proceed separately.

On September 21, 2015, the People filed a first amended complaint in case Nos. INF1500900 and INF1501244 alleging defendant had committed a carjacking (count 1; § 215, subd. (a)) and burglary (count 2; § 459). The People additionally alleged that defendant had used a knife in the commission of the carjacking. (§ 12022, subd. (b)(1)). The People further alleged defendant had suffered a prior strike conviction (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)), two prior prison terms (§ 667.5, subd. (b)), and a prior serious felony conviction (§ 667, subd. (a)).

On the same date, the People filed a first amended complaint in case No. INF1501090 alleging defendant had committed grand theft. (§ 487, subd. (a).) They

additionally alleged defendant had suffered a prior strike conviction (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)) and two prior prison terms (§ 667.5, subd. (b)).

On September 25, 2015, the court held a *Marsden* hearing at defendant's request. Defendant stated that he had "trouble understanding what the court procedures and what's . . . supposed to be done and what's not supposed to be done." Defense counsel noted that he did not see anything in the Evidence Code section 1017 report which would suggest defendant would have any problem understanding the court procedures as explained to him. Defense counsel did not have any problems communicating with defendant. The court denied defendant's *Marsden* motion, finding defendant had a sufficient understanding of the case and that there was no breakdown in attorney-client communications.

On September 29, 2015, defendant signed and initialed plea agreements as described above. Defendant initialed a provision of the plea agreements indicating no one had placed any pressure of any kind on him to compel him to enter the pleas. Defendant waived his right to appeal. He admitted he had committed the offenses to which he was pleading guilty. Defendant agreed to a total determinate sentence of 13 years four months' incarceration. The court orally took defendant's pleas.

On November 2, 2015, the date set for sentencing, defendant moved to represent himself. The court orally went over the petition to proceed in propria persona with defendant, which defendant initialed and signed. The court granted defendant's petition.

5

Defendant informed the court that he felt "like I was deceived in my signing of my plea. I feel like I was coerced and scared into doing something, signing an agreement, doing something that I did not do. There were things that I did do, but there are also things that I did not do." Defendant denied committing the carjacking offense and requested the court give him another chance. Defendant admitted stealing a telephone and engaging in a fight in jail.[5] The court sentenced defendant to the agreed upon terms and dismissed the additional counts and allegations.

Defendant filed notices of appeal on December 22 and 30, 2015, challenging the validity of the plea. In the latter appeal, defendant requested issuance of a certificate of probable cause, which the court denied. On December 31, 2015, counsel from Appellate Defenders, Inc. filed a notice of appeal challenging the validity of the plea and "the sentence or other matters that occurred after the plea and do not affect its validity." Counsel did not request a certificate of probable cause.

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues. (See *People v. Voit* (2011) 200 Cal.App.4th 1353, 1364-1366 [constitutional validity of plea ensured by trial court's inquiry of the defendant that the plea is voluntarily and freely

---

[5] The parties stipulated that the factual bases for the plea were contained in the declaration for the arrest warrant; however, that declaration is not contained in the record.

6

made]; *id.* at p. 1366 ["[A] plea of guilty . . . forecloses an appellate challenge that the plea lacks a factual basis."]; *id*. at p. 1371, fn. 14 [defense counsel's concession or stipulation to a factual basis for the plea "must be regarded as an admission by defendant."].)

## III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.

7